```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

BRAD SURGICK,

        Plaintiff,

Civil Action No. 06-1433 (JBS)

  v.

**MEMORANDUM OPINION**

SUPREME COURT OF NEW JERSEY, APPELLATE DIVISION,

        Defendant.

**SIMANDLE**, District Judge:

    This matter came before the Court upon the amended application of Plaintiff, Brad Surgick, to proceed without prepayment of fees in this case.  Mr. Surgick responded to this Court's request for additional information dated April 4, 2006, by supplying additional financial information.  Based upon the information in Mr. Surgick's Amended Affidavit this Court finds that he qualifies in *forma pauperis* under the provisions of 28 U.S.C. § 1915, and the Amended Application to proceed without prepayment of fees will be granted.

    The Complaint filed by Mr. Surgick now comes before the Court for preliminary review as required by 28 U.S.C. § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief.  This section mandates that a court must "dismiss an in forma pauperis claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1089 (3d Cir. 1995).  "The relevant guidepost for a district court is whether a reasonable paying litigant would have paid the court costs and filing fees to bring the same claim."[1]  Id. at 1090.

In the present case, Mr. Surgick's pleadings are unclear and quite irregular in form.  Nonetheless, this Court will afford liberal treatment of these pleadings and not hold Mr. Surgick to technical standards of compliance.  Read most liberally, it appears that Mr. Surgick alleges he was arrested for trespassing in an incident at a Shop Rite in Hammonton in January, and that he was charged in the municipal court.  He alleges that certain evidence should be suppressed in the municipal court, and he filed various motions in the municipal court and apparently with the Appellate Division of the Superior Court of New Jersey.  When his motions were not successful, or were not acted upon by those courts, he filed this federal civil action.

---

[1] "A court must also consider whether the litigant is filing the litigation to pursue a non-meaningful activity, such as harassment or entertainment, or merely to hone litigation skills."  Deutsch, 67 F.3d at 1090.

The papers allege that this Court has jurisdiction under the federal question and mandamus statutes, 28 U.S.C. §§ 1331 and 1361, respectively.  He seeks disciplinary sanctions against various officers, including the Attorney General of New Jersey; the Hammonton Municipal Court; the Superior Court of New Jersey in Atlantic County; the Superior Court of New Jersey, Appellate Division; and the Supreme Court of New Jersey.  He cites to an amalgam of state and federal rules of procedure, and he files what he calls a cross-motion for summary judgment and for this Court to stay the proceedings in the State courts.

His papers further allege that he should have been exonerated from the criminal trespass charge because he claims that falsified statements are being used against him.  It is not clear, from perusing these papers, whether he was convicted as charged in the municipal court, nor exactly what action was or was not taken in the State courts.

He does, however, cite to the federal appellate jurisdiction statutes, including 28 U.S.C. §§ 1291 and 1294, apparently because he seeks for this federal court to review the actions of the State court.

This Complaint will be dismissed for lack of federal jurisdiction.  The federal court does not sit as a court of appeals reviewing the proceedings in State court.  If adverse determinations are made in a State court, the aggrieved party

3

generally has a right to appeal within the state system, and has no right to seek review in the United States District Court.

The provisions of the Federal Anti-Injunction Act make this clear.  That Act, codified at 28 U.S.C. § 2283, states as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

This provision means that the United States District Court lacks authority to stay proceedings in the State court, except for very narrow exceptions which are not applicable here.  The federal appellate jurisdictional statutes cited in Mr. Surgick's papers, namely sections 1291 and 1294, refer to the jurisdiction of the United States Court of Appeals to review final judgments of the United States District Court.  Nothing in those statutes empowers federal courts to directly review State court decisions.

Similarly, the provisions of federal law speaking to judicial misconduct in 28 U.S.C. §§ 144 and 455, are applicable to federal judicial officers only, and those statutes give no rise to a private right of action against a federal judge, let alone against a state judge.  These federal disciplinary statutes, likewise, do not provide a basis for federal jurisdiction upon Mr. Surgick's claims against the prosecutor or state judicial officers.

It is also clearly settled law that the federal court cannot interfere in an ongoing state court criminal proceeding.  See <u>Ex parte Young</u>, 209 U.S. 123 (1908).  Where there has been a prosecution and the plaintiff is claiming that he has been deprived due process of law or otherwise deprived of his federal civil rights during the course of that prosecution, he must first obtain the reversal of any resulting conviction in the state court before filing a federal action for money damages under 42 U.S.C. § 1983.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In short, whether the state criminal prosecution is ongoing or whether there has already been a conviction that has not been overturned on appeal, Mr. Surgick's only remedies would lie in State court upon appeal, and not in Federal court.

For all these reasons, this Court lacks jurisdiction over the subject matter of Mr. Surgick's Complaint.  This Court does not have the power to adjudicate his claims and takes no position as to the merit, if any, of the allegations Mr. Surgick has made.

The Complaint herein shall be dismissed for lack of federal jurisdiction, and the accompanying Order will be entered.


**April 21, 2006**              **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                United States District Judge